**Victor A. PRIETO, et al., Petitioners— Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

**No. 02–71141.**

**IRS No. 12606–99.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2003.

Decided March 24, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

engaged in for profit in tax years 1994 and 1995. The Prietos appeal this decision. We have jurisdiction, 26 U.S.C. § 7482, and we affirm.

The issue of whether the Prietos engaged in the horse activity with the primary intent of making a profit is a factual question that is reviewed for clear error. *Custom Chrome, Inc. v. Comm'r*, 217 F.3d 1117, 1121 (9th Cir.2000). Under the clear error standard, this Court must uphold the tax court's factual finding unless it is "left with the definite and firm conviction that a mistake has been committed." *Wolf v. Comm'r*, 4 F.3d 709, 712 (9th Cir.1993) (citation omitted). Because the parties are familiar with the facts, we only discuss those relevant to our analysis.

Expenses from a trade or business are not deductible unless the activity is engaged in primarily for profit. *See* 26 U.S.C. § 183(a); *Wolf*, 4 F.3d at 713. The Treasury regulations promulgated under Section 183 of the Internal Revenue Code indicate that, while the focus of the test for profit motive is on the subjective intent of the taxpayer, the determination is "made by reference to objective standards, taking into account all of the facts and circumstances of each case." 26 C.F.R. § 1.183–2(a). The Treasury regulations identify nine non-exclusive factors that "should normally be taken into account" in analyzing a taxpayer's profit motive. *See* 26 C.F.R. § 1.183–2(b).

The Tax Court found that the Prietos did not engage in the horse activity primarily for profit. This finding is not clearly erroneous. The Tax Court opinion contains a couple of minor factual errors. However, even after excluding them from

Before T.G. NELSON, SILVERMAN, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Victor and Marion Prieto engaged in a horse activity from 1991 to 2000 that involved buying horses to train and resell. The horse activity sustained losses, and the Prietos deducted these losses from their income in their individual tax returns each year. The Commissioner of Internal Revenue sent the Prietos a Notice of Deficiency in 1999 notifying them that they were liable for unpaid income taxes for tax years 1994 and 1995 because the horse activity was not engaged in for profit, and therefore, losses from the activity were not deductible for those years. The Prietos filed a petition in the tax court challenging the Commissioner's determination. The Tax Court held a trial and entered a final decision upholding the Commissioner's determination that the horse activity was not

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the analysis, we conclude that the record still amply supports the district court's finding that the horse activity was not engaged in for profit. Furthermore, while the Tax Court did not expressly address each of the nine factors listed under 26 C.F.R. § 1.183–2(b) in its written decision, the regulations do not require it to mechanically do so. We are not "left with the definite and firm conviction that a mistake has been committed." *Wolf v. Comm'r*, 4 F.3d at 712.

**AFFIRMED.**